J-S62001-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| ZACHARY T. MOORE, | |
| Appellant | No. 119 EDA 2013 |

Appeal from the Judgment of Sentence entered December 5, 2012,
in the Court of Common Pleas of Chester County,
Criminal Division, at No(s): CP-15-SA-0000428-2012

BEFORE: ALLEN, OLSON, and OTT, JJ.

MEMORANDUM BY ALLEN, J.:                    **FILED OCTOBER 08, 2014**

Zachary T. Moore ("Appellant") appeals from the judgment of sentence imposed after the trial court convicted him of reckless driving[1], a summary offense.

The trial court explained:

> On September 13, 2012, [Appellant] was cited for Reckless Driving, 75 Pa.C.S.A. §3736(a), by Corporal Andrew Zinger of the North Coventry Township Police Department, Chester County. A hearing before Magisterial District Judge James V. Deangelo took place on September 24, 2012, where [Appellant] pled Guilty. Subsequently, on October 15, 2012, [Appellant] filed a summary appeal.

> The *de novo* Summary Appeal was before this court on December 5, 2012 whereby, after an evidentiary hearing, [Appellant] was found Guilty of Reckless Driving under 75 Pa.C.S.A. § 3736(a). A timely Notice of Appeal from this verdict

---

[1] 75 Pa.C.S.A. § 3736(a).

was filed on December 31, 2012. We issued our Pa.R.A.P. 1925(b) Order on January 7, 2012 and [Appellant] filed his Statement of Errors Complained of on Appeal on January 14, 2012.

Trial Court Opinion, 1/18/13, at 1-2.

Appellant presents a single issue for our review:

Whether the trial court erred in convicting appellant for reckless driving when there was no indication that appellant was traveling at an excessive rate of speed, that his actions would create a high probability that an accident would occur, and no testimony was elicited to conclude that appellant was willfully and wantonly disregarding the safety of others on the roadway at the time of the arrest.

Appellant's Brief at 4.

Appellant challenges the sufficiency of the evidence to support his conviction. The essence of Appellant's argument is that "while appellant did perform a wheelie … no other motorist or pedestrian on the roadway at the time was in danger or had to take any type of evasive action as a result of appellant's conduct." *Id*. at 6. Appellant contends:

It is asserted that appellant's operation of the motorcycle with a wheelie may constitute some violation of the motor vehicle code, but a review of the elements of reckless driving highlights that appellant's conduct did not rise to the level of recklessness that is required under the Pennsylvania Statute.

*Id*. at 7.

In contrast, the Commonwealth maintains that the evidence was sufficient to support Appellant's reckless driving conviction because Appellant performed the wheelie during heavy traffic with several cars

behind him, and for a distance of 308 feet, creating "substantial risk" to the vehicles and their drivers behind Appellant. Commonwealth Brief at 8.

We initially recognized our well-settled standard of review in sufficiency challenges:

> The standard for reviewing the sufficiency of the evidence is whether the evidence admitted at trial and all reasonable inferences drawn therefrom, when viewed in the light most favorable to the Commonwealth as verdict winner, is sufficient to support all the elements of the offense beyond a reasonable doubt.

*Commonwealth v. Greenberg*, 885 A.2d 1025, 1026 (Pa. Super. 2005) *citing Commonwealth v. DeJesus*, 787 A.2d 394, 398 (Pa. 2001).

With regard to reckless driving, the Vehicle Code provides:

> Any person who drives any vehicle in willful or wanton disregard for the safety of persons or property is guilty of reckless driving.

75 Pa.C.S.A. § 3736(a).

To satisfy the elements of reckless driving, the offender's driving must be "a gross departure from prudent driving standards." *Greenberg*, 885 at 1027. Reckless driving requires the *mens rea* of willful and wanton conduct. *Commonwealth v. Bullick*, 830 A.2d 998 (Pa. Super. 2003). We explained:

> The *mens rea* necessary to support the offense of reckless driving is a requirement that Appellant drove in such a manner that there existed a substantial risk that injury would result from his driving, i.e., a high probability that a motor vehicle accident would result from driving in that manner, that he was aware of that risk and yet continued to drive in such a manner, in

essence, callously disregarding the risk he was creating by his own reckless driving.

*Id*. at 1003. We have further concluded:

Reckless driving requires driving that not only grossly deviates from ordinary prudence, but also creates a substantial risk that property damage or personal injury will follow. It is also necessary that the driving reflect a **conscious disregard** for the danger being created by the reckless driving.

*Greenberg*, 885 A.2d at 1029-30 (emphasis in original).

Here, our review of the notes of testimony from the *de novo* trial, where Corporal Andrew Zinger was the sole witness, reveals the following: On September 13, 2012, at approximately 3:00 p.m., Corporal Zinger was driving his police car when he observed Appellant on "a red motorcycle riding on its rear wheel only, what we refer to on the street as a wheelie." N.T., 12/5/12, at 4. The motorcycle was traveling on a two-lane roadway with no passing, which was also a residential area. *Id*. at 6-7. Corporal Zinger testified, "[Appellant and the motorcycle] actually passed me traveling north towards Pottstown upgrade on a hill to a blind crest. I observed the vehicle go over the crest." *Id*. Corporal Zinger stated that the motorcycle was traveling "on a major thoroughfare for traffic" and, "Traffic was heavy at the time. [The m]otorcycle was the first vehicle in the pack of northbound traffic." *Id*. at 5.

Corporal Zinger further testified:

Actually I went back, physically measured the distance that I observed the vehicle with my tracker speed timing device, [which] also calculates distance. I counted 308 feet I visibly saw

- 4 -

the vehicle [doing a wheelie for the entire distance] as it went over the blind crest.

*Id*. Corporal Zinger stated that he saw vehicles take "evasive" action and change direction as a result of Appellant's operation of the motorcycle. *Id*. at 7. Corporal Zinger testified, "I cited [Appellant] for reckless driving due to traffic, as well as doing a wheelie over a blind crest." *Id*. at 6.

The trial court concluded that Appellant's "conduct revealed his clear disregard for the safety of the persons and property travelling behind him, as well as oncoming traffic, in violation of 75 Pa.C.S.A. §3736(a), (Reckless Driving)." Trial Court Opinion, 1/18/13, at 6. The trial court reasoned:

This case comes down to – all of the cases, all case law comes down to individual cases. It's very, very, very fact specific and detail specific.

In this particular case I am going to find [Appellant] guilty of reckless driving. There are many factors which lead to that decision. I think that if he were only endangering himself I don't think that I could find him guilty of reckless driving. I think there has to be others in danger. In my mind it's obvious he willfully made the conscious decision to drive on the rear wheel. In doing so, he had very little control over his vehicle while he was traveling. The area that he was traveling in, given that he was driving up a hill, that there was a good amount of traffic behind him, obviously there was traffic coming towards him, [the] police officer being one of them, one of those vehicles, the fact that he has a learner's permit for a motorcycle, he doesn't have a ton of experience on a motorcycle, the distance of the wheelie being over three hundred feet, I think all of that adds up to a willful – obviously he was disregarding his own safety by that behavior, but he was also being very – he was disregarding the safety of those behind him because being in that position he was in a much – he placed himself in great danger of an accident. All of those behind him would have been impacted by that, whether they struck him, whether there were a number of rear-ending accidents behind it. So for those reasons I am going

to find him guilty of the reckless driving. I think that that kind of behavior is nothing but willful.

N.T., 12/5/12, at 10-11.

Because the record supports the trial court's reasoning, we find no merit to Appellant's sufficiency claim. As the sole witness, Corporal Zinger testified to facts (Appellant executing a wheelie for a distance of 308 feet in heavy traffic and over a blind crest) which support the trial court's conclusion that Appellant created a substantial risk of damage or injury, and possessed a willful and conscious disregard for the safety of persons or property. 75 Pa.C.S.A. § 3736(a); **Greenberg**, **supra**. We therefore affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/8/2014